UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

TODD L. GOOKINS

                              Plaintiff,

        -against-                                         6:11-CV-0427 (LEK/DEP)

TIMOTHY A. ROULAN, individually
& official capacity; and NEW YORK
STATE, employer,

                              Defendants.

_____

### MEMORANDUM-DECISION AND ORDER

        Now pending before the Court are several requests for relief filed by *pro se* Plaintiff Todd L.

Gookins ("Plaintiff") in this action, including a Motion for a temporary restraining order ("TRO")

and preliminary injunction (Dkt. No. 8) ("Emergency Motion"), as well as a Motion for the issuance

of subpoenas to the named Defendants (Dkt. No. 3).  Plaintiff originally filed this civil rights lawsuit

on April 18, 2011, pursuant to 42 U.S.C. § 1983, see Dkt. No. 1 ("Complaint"), along with an

Application to proceed *in forma pauperis* (Dkt. No. 2) ("Application").  Before the Court completed

its review and made a determination with regard to those submissions, Plaintiff submitted his

Motion for the issuance of subpoenas and paid the required filing fee of three hundred and fifty

dollars ($350.00) three days later, on April 21, 2011, at which time he also filed his Emergency

Motion.  As a result, the Clerk has issued Summonses for the Plaintiff to serve upon the named

Defendants, Dkt. Nos. 5 and 6, although it appears that the Defendants have yet to be served.

        Plaintiff apparently seeks redress for alleged violations of his constitutional rights, in

addition to asserting pendent state law claims in his Complaint, including claims of defamation,

fraud, and negligence.  See Dkt. No. 1.  Plaintiff's Complaint reveals that it arises out of a pending

proceeding in New York State Family Court, Herkimer County, relating to the custody of his daughter. See id. The named Defendants are the State of New York and the attorney Timothy A. Roulan ("Defendant Roulan"), also known as a law guardian, appointed by that court to represent the child at issue in that proceeding. See id. In his Emergency Motion, Plaintiff seeks an order of this Court that 1) essentially directs Defendant Roulan to "stay away" from him and not to violate his constitutional rights; 2) directs Defendant Roulan to respond to the Plaintiff's proposed subpoenas; and 3) prohibits the Defendant Roulan from engaging in *ex parte* communications with the assigned New York State Family Court Judge and Judicial Hearing Officer ("JHO"). See Dkt. No. 8 at 1-2.

On April 5, 2011, Plaintiff filed a related lawsuit in this Court against the assigned family court judge as well as the JHO, also alleging violations of his of his constitutional rights. Gookins v. Garramone, No. 6:11-CV-0373 (N.D.N.Y. Apr. 22, 2011). As in this lawsuit, Plaintiff originally sought leave to proceed *in forma pauperis*, subsequently paid the filing fee, and filed motions for the issuance of subpoenas to the Defendants and for a TRO and preliminary injunction restraining the Family Court from enforcing three orders issued by that court. See id. By Memorandum-Decision and Order dated April 22, 2011, familiarity with which will be assumed, the Court denied all of the Plaintiff's Motions filed in Gookins v. Garramone, and dismissed that lawsuit. Finding that the defendants were absolutely immune from suit and that the Court lacked jurisdiction to interfere with the Family Court proceeding under the Rooker-Feldman doctrine[1], the Court ordered judgment be entered in favor of the defendants in the action. Gookins v. Garramone, No. 6:11-CV-

---

[1] The Rooker-Feldman doctrine arises out of the Supreme Court decisions in Rooker v. Fidelity Trust Co., 263 U.S. 413, 44 S. Ct. 149 (1923), and Dist. of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 103 S. Ct. 1303 (1983).

00373, Dkt. Nos. 9 and 10.

For substantially the same reasons set forth in this Court's Memorandum-Decision and Order issued in Gookins v. Garramone, Plaintiff's Motions herein are denied, and the action is dismissed.[2]

Accordingly, it is hereby:

**ORDERED**, that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED** in its entirety; and it is further

**ORDERED**, that the Plaintiff's Application for leave to proceed *in forma pauperis* (Dkt. No. 2) is **DENIED** as moot; and it is further

**ORDERED**, that the Plaintiff's Motion for a temporary restraining order and preliminary injunction (Dkt. No. 8) is **DENIED**; and it is further

**ORDERED**, that the Plaintiff's Motion for the issuance of subpoenas (Dkt. No. 3) is **DENIED**; and it is further

**ORDERED**, that the Clerk serve a copy of this order on Plaintiff in accordance with the Court's Local Rules.

---

[2]  The Eleventh Amendment protects a state against suits brought in federal court by citizens of that state, regardless of the nature of the relief sought.  Alabama v. Pugh, 438 U.S. 781, 782, 98 S. Ct. 3057, 3057-58 (1978).  Plaintiff's claim against the State of New York is subject to dismissal on this basis.  Additionally, Defendant Roulan, as the law guardian appointed to represent the child in a New York Family Court proceeding, is entitled to absolute quasi-judicial immunity.  Allen v. Mattingly, No. 10 CV 0667, 2011 WL 1261103, at *16 (E.D.N.Y.  Mar. 29, 2011) (citing Yapi v. Kondratyeva, 340 Fed. Appx. 683, 685 (2d Cir. July 10, 2009)); Wilson v. Wilson–Poison, No. 09 Civ. 9810, 2010 WL 3733935, at * 7 (S.D.N.Y. Sept 23, 2010); Dowlah v. Dowlah, No. 09–CB–2020, 2010 WL 889292, at * 7 (E.D.N.Y. Mar.10, 2010); Bluntt v. O'Connor, 737 N.Y.S.2d 471, 479 (N.Y. App. Div. 2002); see also Zahl v. Kosovksy, No. 08 Civ. 8308, 2011 WL 779784, at *10 (S.D.N.Y. Mar. 3, 2011).

**IT IS SO ORDERED.**

DATED:     April 29, 2011
            Albany, New York

Lawrence E. Kahn
U.S. District Judge