UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

TODD L. GOOKINS,

                Plaintiff,

   -against-                                          6:11-CV-0427 (LEK/DEP)

TIMOTHY A. ROULAN, individually
and in his official capacity; and NEW
YORK STATE,

                Defendants.

_____

**DECISION and ORDER**

**I.    INTRODUCTION**

Plaintiff Todd L. Gookins ("Plaintiff") commenced this action *pro se* on April 18, 2011, alleging violations of his civil rights arising from a state court proceeding in New York Family Court, Herkimer County, in which Plaintiff was seeking custody of his daughter and Defendant Timothy A. Roulan ("Defendant Roulan") was his daughter's court-appointed legal guardian. Dkt. No. 1 ("Complaint"). Plaintiff sought injunctive relief from this Court directing Defendant Roulan: (1) "to 'stay away' from [Plaintiff] and not to violate his constitutional rights"; (2) to respond to subpoenas proposed by Plaintiff; and (3) not to "engag[e] in ex parte communications with the assigned New York State Family Court Judge and Judicial Hearing Officer ('JHO')." Dkt. No. 8 at 2.

In a Memorandum-Decision and Order dated April 29, 2011, the Court denied Plaintiff's Motions and dismissed his Complaint. Gookins v. Roulan, No. 6:11-CV-0427, 2011 U.S. Dist. LEXIS 46708 (N.D.N.Y. Apr. 29, 2011) ("Order"). Presently before the Court is a Motion for

1

reconsideration filed by Plaintiff on May 12, 2011. Dkt. No. 15 ("Motion"). For the following reasons, Plaintiff's Motion is denied.

## II. STANDARD OF REVIEW

The Court applies a strict standard when reviewing a motion for reconsideration, and "reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). Generally, there are only three grounds upon which a court may grant a motion for reconsideration: (1) an intervening change in law; (2) the availability of evidence not previously available; and (3) the need to correct a clear error of law or to prevent manifest injustice. Bath Petroleum Storage, Inc. v. Sovas, 136 F. Supp. 2d 52, 56 (N.D.N.Y. 2001) (Kahn, J.); see also Virgin Airways v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992); Doe v. New York City Dep't of Soc. Servs., 709 F.2d 782, 789 (2d Cir. 1983). Reconsideration is not appropriate "when the moving party seeks solely to relitigate an issue already decided." Shrader, 70 F.3d at 257; see also Lichtenberg v. Besicorp Group Inc., 28 F. App'x 73, 75 (2d. Cir 2002) ("A motion for reconsideration is not an opportunity for the moving party 'to argue those issues already considered when a party does not like the way the motion was resolved.'").

## III. DISCUSSION

Plaintiff argues that reconsideration is warranted because Defendant Roulan is an "independent contractor," and as such is precluded from receiving the benefits of judicial immunity. Mot. at 2-3. As the Court previously held in its Order, this argument fails because a law guardian appointed to represent a child in a New York family court proceeding is entitled to absolute quasi-

judicial immunity.  Gookins, 2011 U.S. Dist. LEXIS 46708, at *3 n.2 (citing Allen v. Mattingly, No. 10 CV 0667, 2011 WL 1261103, at *16 (E.D.N.Y. Mar. 29, 2011) (citing Yapi v. Kondratyeva, 340 F. App'x 683, 685 (2d Cir. 2009); Wilson v. Wilson–Poison, No. 09 Civ. 9810, 2010 WL 3733935, at *7 (S.D.N.Y. Sept. 23, 2010); Dowlah v. Dowlah, No. 09–CB–2020, 2010 WL 889292, at *7 (E.D.N.Y. Mar. 10, 2010); Bluntt v. O'Connor, 737 N.Y.S.2d 471, 479 (N.Y. App. Div. 2002); Zahl v. Kosovksy, No. 08 Civ. 8308, 2011 WL 779784, at *10 (S.D.N.Y. Mar. 3, 2011)). Plaintiff offers no controlling cases that would require the Court to hold otherwise.[1]  Nor does Plaintiff's Motion point to any change in intervening law or new evidence, or clear error or manifest injustice.  For all of the foregoing reasons, Plaintiff's Motion for reconsideration is denied.

## III. CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that Plaintiff's Motion for reconsideration (Dkt. No. 15) is **DENIED**; and it is further

**ORDERED**, that the Clerk serve a copy of this Order on all parties.

**IT IS SO ORDERED**.

---

[1] Not only are the cases Plaintiff cites from other jurisdictions, they are inapposite because they address the issue of immunity for court-appointed public defenders for criminal defendants, not court-appointed legal guardians of children in family court proceedings.  See Mot. at 3 (citing Dziubak v. Mott, 486 N.W.2d 837 (Minn. Ct. App. 1992); Williams v. Office of Pub. Defender County of Lehigh, 586 A.2d 924 (Pa. Super. Ct. 1990); Ghananee v. Black, 504 A.2d 281 (Pa. Super. Ct. 1986)).  Additionally, the Dziubak court's holding on the immunity issue in was ultimately reversed by the Minnesota Supreme Court, which held that a public defender is immune from suit and based its conclusion in part on a prior holding that a guardian *ad litem* had absolute immunity in a negligence suit "for actions performed within the scope of his or her duties."  Dziubak v. Mott, 503 N.W.2d 771, 775 (Minn. 1993) (citing Tindell v. Rogosheske, 428 N.W.2d 386 (Minn. 1988)).

3

DATED:    January 25, 2012
          Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge